IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HENRY A. TURNER,<br><br>          Plaintiff,<br><br>v.<br><br>MBNA AMERICA BANK, N.A.,<br><br>          Defendant. | 1:05-cv-3207-WSD |

## ORDER

  This is an action in which Plaintiff Henry Turner ("Plaintiff") seeks to vacate an arbitration award pursuant to Section 10(a) of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA").  It is before the Court on Defendant MBNA America Bank, N.A.'s ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction [4].  Plaintiff did not file a response to Defendant's motion, indicating he does not oppose it.  See L.R. 7.1B, N.D. Ga.

  Federal courts are courts of limited jurisdiction, and a federal court must take care to ensure that it has jurisdiction for all cases that come before it.  Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000).  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court

must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Where, as here, subject matter jurisdiction is challenged by a Rule 12(b)(1) motion, the court must evaluate whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997). The allegations in the complaint are taken as true for the purposes of the motion. Id.

Plaintiff seeks an order vacating the arbitration award in the amount of $13,064.22 entered in favor of Defendant on September 21, 2005. He contends that Defendant and the arbitrator did not comply with certain procedural requirements set out in the governing arbitration rules. He alleges in his Complaint that subject matter jurisdiction over his FAA claim is proper pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not identify any constitutional provision or other federal statute or treaty at issue in this case; instead, he appears to rely solely on the FAA as the alleged source of federal question jurisdiction here.

Plaintiff's reliance on the FAA is misplaced.  It is well settled that the FAA does not confer subject matter jurisdiction.  See Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003) ("The [FAA] does not provide an independent basis for a federal court's subject-matter jurisdiction."); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983) (holding that the FAA is "something of an anomaly in the field of federal court jurisdiction," because it gives federal courts the authority to compel arbitration, but does not by itself confer independent federal question jurisdiction).  A party requesting relief under the FAA must demonstrate an independent basis for jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332(a).  See Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In determining whether federal question jurisdiction exists under the FAA, the court is not limited to the claims asserted in the case before it; federal question jurisdiction may be based on the nature of the claims sought to be arbitrated.  Tamiami Partners Ltd. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1223 n.11 (11th Cir. 1999); Discover Bank v. Vaden, 396 F.3d 366, 373 (4th Cir. 2005).

In this case, it is clear that the requirements of diversity jurisdiction are not satisfied, since the amount in controversy, $13,064.22, is well below the $75,000 threshold set out in 28 U.S.C. § 1332.  See Baltin, 128 F.3d at 1472 (holding that amount-in-controversy requirement is not satisfied where the maximum remedy sought by the plaintiff is the vacatur of an arbitration award of less than the jurisdictional threshold); Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc., 431 F.3d 1320, 1325 (11th Cir. 2005).  In addition, Plaintiff has not alleged, and the record does not reflect, any independent basis for exercising federal question jurisdiction.  Accordingly, Defendant's motion is **GRANTED** and this case is **DISMISSED** for lack of jurisdiction.

**SO ORDERED**, this 29th day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE